## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) MARY BISHOP, | ) | |
| (2) SHARON BALDWIN, | ) | |
| (3) SUSAN G. BARTON, and | ) | |
| (4) GAY E. PHILLIPS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 04-CV-848-TCK-TLW |
| | ) | |
| (1) UNITED STATES OF AMERICA, *ex rel.*, ERIC H. HOLDER, JR., in his official capacity as Attorney General of the United States of America; and (2) STATE OF OKLAHOMA, *ex rel.*, SALLY HOWE-SMITH, in her official capacity as Court Clerk for Tulsa County, State of Oklahoma, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs Mary Bishop, Sharon Baldwin, Susan G. Barton, and Gay E. Phillips, for their Amended Complaint herein, allege and state as follows:

#### JURISDICTION AND VENUE

1.     This case presents questions under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, and challenges recent amendments to the Oklahoma Constitution and the federal law known as the "Defense of Marriage Act" (DOMA), codified at 1 U.S.C. § 7 and 28 U.S.C. § 1738C. Jurisdiction exists over all claims pursuant to 28 U.S.C. § 1331.

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that the effects of the laws challenged herein are present in and felt in this district.

### THE PARTIES

3.     Plaintiff Mary Bishop is an Oklahoma citizen and resides in Tulsa County, Oklahoma.

4.     Plaintiff Sharon Baldwin is an Oklahoma citizen and resides in Tulsa County, Oklahoma.

5.     Plaintiff Susan G. Barton is an Oklahoma citizen and resides in Osage County, Oklahoma.

6.     Plaintiff Gay E. Phillips is an Oklahoma citizen and resides in Osage County, Oklahoma.

7.     Defendant Sally Howe-Smith is sued in her official capacity as Clerk of Tulsa County District Court.  Pursuant to state law, she is the designated agent of the State of Oklahoma given statutory responsibility for issuing and recording marriage licenses. Plaintiffs Bishop and Baldwin sought the issuance of a marriage license from Defendant Howe-Smith but were refused solely because they were of the same sex.

8.     Defendant Eric Holder is sued in his official capacity as the appointed Attorney General of the United States, and is endowed with the powers and authority to enforce DOMA's provisions.

2

9.      Defendants, and those subject to their supervision, direction and control, are responsible for the enforcement of the laws challenged herein.  The relief requested is sought against these Defendants, as well as against each Defendant's officers, employees, and agents, and against all acting under their supervision, direction or control.

### NATURE OF THE DISPUTE

10.      This action addresses whether the denial of access to civil marriage by lesbian individuals such as Plaintiffs Mary Bishop and Sharon Baldwin violates their Due Process and Equal Protection rights and whether the refusal to recognize the marriage of Plaintiffs Susan G. Barton and Gay E. Phillips, validly performed under the laws of the State of California, constitutes a violation of their Due Process and Equal Protection rights.  Because marriage is a basic civil right, Plaintiffs allege their unequal treatment as lesbians violates their constitutional guarantees under the United States Constitution.   In addition to declaratory relief, Plaintiffs seek injunctive relief preventing and restraining each Defendant from enforcing the constitutional and statutory provisions challenged herein.

### *Mary Bishop and Sharon Baldwin*

11.      Plaintiffs Bishop and Baldwin are lesbian individuals who have been in a long-term committed relationship for more than twelve years.  They exchanged vows in a church-recognized commitment ceremony in March, 2000.  They desire to express their love for and commitment to one another by getting married and obtaining official sanction for their family from the State of Oklahoma.  However, Oklahoma's law challenged herein deny them that

3

right. Plaintiffs Bishop and Baldwin challenge Part A of Oklahoma's Constitutional Amendment, Art. 2, § 35, which defines "marriage" as a legal union between one man and one woman, and effectively denies the issuance of a license to marry to a same-sex couple. Plaintiffs Bishop and Baldwin sought the issuance of a marriage license from Defendant Howe-Smith but were refused solely because they were of the same sex. Plaintiffs assert their claim against Ms. Howe-Smith in her official capacity as Oklahoma's statutory agent for the issuance of marriage licenses.

### *Susan Barton and Gay Phillips*

12. Plaintiffs Barton and Phillips are lesbian individuals who have been in a committed relationship for twenty-five years. Since the original commencement of this action on November 3, 2004, Plaintiffs Barton and Phillips were subsequently issued a lawful marriage license by the State of California and married on November 1, 2008. Before their California marriage, they had been joined in a civil union conducted in Vermont on August 4, 2001, and were legally married in Vancouver, British Columbia, Canada, on May 16, 2005. They desire the validity of their California marriage be recognized in the same way and to the same extent it would be recognized if they were a heterosexual couple. However, Section 3 of DOMA, 1 U.S.C. §7, which defines "marriage" as a legal union between one man and one woman, and Section 2 of DOMA, 28 U.S.C. §1738C, which permits Oklahoma to refuse to give effect to their marriage, both operate to deny them such recognition.

Plaintiffs Barton and Phillips assert their claims against the United States of America, by and through the Attorney General.

### FACTUAL BACKGROUND

13.     On November 2, 2004, the voters of Oklahoma approved and adopted legislative referendum No. 334, State Question No. 711, which was implemented as Article 2, Section 35 of the Oklahoma Constitution (the "Oklahoma Amendment").  The Oklahoma Amendment (1) precluded same-sex couples from receiving a marriage license and from being married under the laws of Oklahoma; (2) denied marital status or legal marital benefits to same sex unions; (3) expressly stated Oklahoma's public policy is against recognizing a same-sex marriage performed in another State; (4) stated Oklahoma will refuse to recognize any such same-sex marriage; and (5) made it a criminal misdemeanor to issue a marriage license in violation of the Amendment's provisions.

14.     Plaintiffs allege the Oklahoma Amendment was passed with a discriminatory interest, in that it was intended as public moral disapproval of gays and lesbians.

15.     The Oklahoma Amendment was State-sponsored discrimination against gay and lesbian individuals residing in Oklahoma.   Despite their significant societal contributions, they were singled out for discrimination by vote of the majority.

16.     The State of Oklahoma has created a legal system in which civil marriage is restricted solely and exclusively to opposite-sex couples, and in which gay and lesbian

Oklahoma citizens are denied the right to enter into a civil marriage with the person of their choice.

17.     DOMA, which became law in 1996, contains two substantive sections. Section 2 permits Oklahoma to refuse to give effect to same sex marriages. Section 3 defines "marriage" to mean only a legal union between one man and one woman. Nationally, the purpose of DOMA was to make gay and lesbian couples the subject of laws stripping them of rights afforded other citizens.

18.     Plaintiffs Mary Bishop and Sharon Baldwin applied for a marriage license from Defendant Howe-Smith and were refused because of those prohibitions of Oklahoma law, found in Part A of the Oklahoma Amendment ("marriage in this state shall consist only of the union of one man and one woman."). As a consequence, Plaintiffs Bishop and Baldwin were barred from marrying and left instead with a separate and unequal cohabitation.

19.     Plaintiffs Susan G. Barton and Gay E. Phillips likewise desired to obtain an Oklahoma marriage license and be married in Oklahoma, but were prevented from doing so because of Part A of the Oklahoma Amendment, and an earlier statutory prohibition found at 43 OKLA. STAT. § 3. Prior to the commencement of this action, Plaintiffs Barton and Phillips had been joined in a civil union conducted in the State of Vermont, and then legally married in Vancouver, British Columbia. On November 1, 2008, because an Oklahoma license could not be issued to them, they sought and obtained a lawful marriage license from the State of California and were married. As an intended consequence and direct result of

6

Part A's prohibition against the issuance of an Oklahoma license to any same sex couple, their California marriage has not been recognized in the same way and to the same extent it would have been recognized for heterosexual couples. Part A of the Oklahoma Amendment, combined with Sections 2 and 3 of DOMA, unconstitutionally operate to cause such denial.

20.     Each couple's inability to have their relationship recognized has caused significant hardship, including but not limited to the deprivation of rights guaranteed by the United States Constitution and severe emotional stress, pain, suffering and societal stigma. Each couple has been, or will be, denied access to rights and benefits, both federal and state, provided to heterosexual couples based solely on their married status.

21.     Marriage is one of society's most important social institutions and the freedom to marry is recognized as a fundamental, vital personal right essential to happiness. The denial of Plaintiffs Bishop and Baldwin's freedom to marry and the denial of recognition of the marriage of Plaintiffs Barton and Phillips constitute irreparable harm. This harm is a direct result of the violations of Plaintiffs' constitutional rights.

22.     The foregoing violations of Plaintiffs' Due Process and Equal Protection guarantees have injured and continue to injure through humiliation, emotional distress, pain, suffering, loss of dignity, inability to marry and loss of enjoyment of the same respect accorded opposite-sex unions.

23.     An actual and justiciable controversy exists regarding whether Plaintiffs' Due Process and Equal Protection Rights are being violated.

24.    Unless enjoined, Defendants will continue to enforce these unconstitutional laws and provisions against Plaintiffs.

## CLAIMS FOR RELIEF

### *Count One: Due Process*

25.    Part A of the Oklahoma Amendment, defining marriage in a manner that excludes Plaintiffs herein, and prevents Plaintiffs Bishop and Baldwin from marrying in the State of Oklahoma, violates liberties protected by the Due Process Clause of the Fourteenth Amendment both on its face and as applied to Plaintiffs Bishop and Baldwin.  As the proximate cause of, and intended consequence of Part A, Plaintiffs Barton and Phillips have been denied recognition of their California marriage, and their Due Process rights have been violated.

26.    Sections 2 and 3 of DOMA, which constitute a refusal to recognize their California marriage, violate the substantive Due Process guarantees of the Fifth Amendment to the United States Constitution of Plaintiffs Barton and Phillips.

### *Count Two: Equal Protection*

27.    Part A of the Oklahoma Amendment, as applied to Plaintiffs Bishop and Baldwin, violates their Equal Protection guarantees to wit: denial of a license to marry a person of the same sex.

28.    The intended consequence of Part A of the Oklahoma Amendment is to disallow the status of marriage to same gender couples residing in Oklahoma.  This

consequence, as applied to Plaintiffs Barton and Phillips, violates their Equal Protection guarantees to wit: refusal to recognize their marriage solely because it is between persons of the same sex.

29.     Sections 2 and 3 of DOMA deny Plaintiffs Barton and Phillips Equal Protection to wit: refusal to recognize their California marriage as valid under Oklahoma law.

30.     The Oklahoma Amendment makes lesbians unequal to heterosexuals in the eyes of the law, and denies them the same respect officially sanctioned for opposite-sex individuals. By purposefully denying civil marriage to lesbian individuals, and consequently refusing to recognize such marriages no matter where performed, Oklahoma law discriminates on the basis of sexual orientation. Because Oklahoma law singles out gays and lesbians for a disfavored legal status, Oklahoma has by law created "second class citizens."

31.     The Oklahoma Amendment violates the Constitution's Equal Protection Clause because it discriminates on the basis of sex.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1.     For a declaratory judgment under 28 U.S.C. § 2201 that the Oklahoma law challenged herein, barring same-sex marriages and refusing to recognize such marriages, violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment as to Plaintiffs Bishop and Baldwin; and violates the Due Process and Equal Protection clauses of the Fourteenth Amendment as to Plaintiffs Barton and Phillips, inasmuch as the same

denied them access to an Oklahoma marriage and caused non-recognition of their California marriage; and for a declaration that Sections 2 and 3 of DOMA violate the U.S. Constitution's Equal Protection and substantive Due Process Rights of Plaintiffs Barton and Phillips.

   2.   Entry of a permanent injunction enjoining enforcement of the Oklahoma law barring same-sex marriage.

   3.   An award of their attorney's fees and costs in prosecuting this action.

   4.   Such other relief deemed proper.


                         Respectfully Submitted,


                         s/ Don G. Holladay
                         Don G. Holladay, OBA#4294
                         James E. Warner III, OBA#19593
                         HOLLADAY & CHILTON PLLC
                         204 N. Robinson, Suite 1550
                         Oklahoma City, OK 73102
                         (405) 236-2343 - office
                         (405) 236-2349 - facsimile

                         ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on <u>August 10, 2009,</u> I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Martha R. Kulmacz
OKLAHOMA ATTORNEY GENERAL
LITIGATION SECTION
313 N.E. 21st Street
Oklahoma City, OK 73105
*martha_kulmacz@oag.state.ok.us*

W. Scott Simpson
UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL PROGRAMS BRANCH-CIVIL
DIVISION
P.O. Box 883
Washington, DC 20044
*scott.simpson@usdoj.gov*

*s/Don G. Holladay*

11