IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARY BISHOP,<br>SHARON BALDWIN,<br>SUSAN G. BARTON, and<br>GAY E. PHILLIPS,<br><br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, *ex rel.*, ERIC H. HOLDER, JR., in his official capacity as Attorney General of the United States of America; and SALLY HOWE-SMITH, in her official capacity as Court Clerk for Tulsa County, State of Oklahoma,<br><br>        Defendants,<br><br>and<br><br>BIPARTISAN LEGAL ADVISORY GROUP,<br><br>        Defendant-Intervenor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No.  04-CV-848-TCK-TLW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT ON
CHALLENGE TO SECTION 3 OF THE DEFENSE OF MARRIAGE ACT
<u>AND BRIEF IN SUPPORT</u>**

Plaintiffs Susan Barton and Gay Phillips,[1] pursuant to Fed. R. Civ. P. 54(b), move for entry of final judgment as to their claims against Section 3 of the Defense of Marriage Act ("DOMA"), which defined "marriage" as between one man and one woman. 1 U.S.C. § 7. In the wake of the recent Supreme Court decision in *United States v.*

---

[1] Unless otherwise stated, the term "Plaintiffs" shall mean only Plaintiffs Susan Barton and Gay Phillips.

1

*Windsor*, ___ U.S. ___, 133 S.Ct. 2675, ___, L.Ed.2d ___ (2013) ("*Windsor*"), judgment should be entered for these Plaintiffs on their Section 3 claims, as to which there is no just reason for delay. In support of their motion, Plaintiffs respectfully state as follows:

## BACKGROUND

1.     Plaintiffs, along with Mary Bishop and Sharon Baldwin, brought this action challenging amendments to the Oklahoma Constitution and DOMA. Specifically, Plaintiffs Barton and Phillips challenged DOMA's substantive sections, which, generally, provided no State shall be required to recognize a same sex marriage celebrated in another State (Section 2) and defining "marriage" as being between one man and one woman (Section 3). *See* 28 U.S.C. § 1738C and 1 U.S.C. § 7. Plaintiffs Barton and Phillips also challenged Part B of Oklahoma's Constitutional Amendment, Art. 2, § 35, which denies recognition of a same sex marriage performed in another State.

2.     In their First Amended Complaint, Plaintiffs sought, *inter alia*, for a declaration that Section 3 of DOMA violated Plaintiffs Barton and Phillips' rights under the U.S. Constitution's provisions granting Equal Protection and substantive Due Process Rights and such other relief deemed proper. (*See* final summary of claims in Joint Status Report, pp. 1-2) (Doc. 187).

3.     On October 13, 2009, the United States moved to dismiss Plaintiffs' Section 3 claims on the ground that Plaintiffs lacked standing to pursue such claims. Upon the United States' motion, this Court undertook an independent inquiry into Plaintiffs' standing to challenge Section 3 and ordered Plaintiffs to provide more particularized allegations of fact, in the forms of affidavit or other evidence, regarding the

specific federal benefits that were allegedly desired and/or sought but that were unavailable and/or denied as a result of Section 3 of DOMA. (Order, August 2, 2010, p. 2) (Doc. 167). Upon receipt of Plaintiffs' affidavits and evidentiary material submitted in support of their standing to challenge Section 3, the United States conceded standing and the case proceeded. (*See* Response of Defendant United States of America to Plaintiffs' Notice to the Court, p. 1) ("the United States concedes that Plaintiffs Susan G. Barton and Gay E. Phillips have established Article III standing to challenge Section 3 of the Defense of Marriage Act.") (Doc. 169).

Approximately eleven (11) months later, the Bipartisan Legal Advisory Group ("BLAG") sought limited permissive intervention to defend the constitutionality of Section 3. Although BLAG subsequently challenged Plaintiffs' standing in its cross-motion for summary judgment, such argument fell outside the scope of its permissive intervention, had been previously conceded by the United States, and was not a defense set forth in the summary of defenses in the Joint Status Report. (Joint Status Report, p. 2) (Doc. 187).

4. On June 26, 2013, the United States Supreme Court handed down its decision in *United States v. Windsor*, ___ U.S. ___, 133 S.Ct. 2675, ___, L.Ed.2d ___ (2013), holding Section 3 "violates basic due process and equal protection principles applicable to the Federal Government." The Court further held that "[t]he Constitution's guarantee of equality 'must at the very least mean that a bare congressional desire to harm a politically unpopular group cannot' justify disparate treatment of that group. ... In determining whether a law is motived by an improper animus or purpose,

'[d]iscriminations of an unusual character' especially require careful consideration. … DOMA cannot survive under these principles."

5. The Supreme Court struck down Section 3 on arguments and authorities encompassed by Plaintiffs' pending Motion for Summary Judgment.[2]

6. In light of the Supreme Court's decision in *Windsor*, there is no genuine issue as to any material fact with respect to the constitutionality of Section 3 of DOMA. Although *Windsor* is not wholly dispositive of all the claims in this case, there is no just reason for delay as to Plaintiffs' entitlement to judgment as to Section 3. Accordingly, Plaintiffs Susan Barton and Gay Phillips respectfully request direct entry of final judgment as to their claims against Section 3, which defined "marriage" as between one man and one woman. *See* Fed. R. Civ. P. 54(b).

7. If requested by the Court, Plaintiffs stand ready to submit a proposed order.

## BRIEF IN SUPPORT

Rule 54(b) permits the court to direct final judgment as to one or more but fewer than all of the parties upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. It states:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

---

[2] Addressing Section 3 *and* Section 2 of DOMA and the Oklahoma Constitutional Amendment.

*Id.* Certification under Rule 54(b) is appropriate when the district court makes two express determinations. First, the court must determine its judgment is final. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). Second, the district court must determine no just reason for delay of entry of its judgment exists. *Id.* at 8; *Oklahoma Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001). Factors the district court should consider are "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp.*, 446 U.S. at 8.

A claim is deemed finally decided "[i]f the decision 'ends the litigation [of that claim] on the merits and leaves nothing for the court to do but execute the judgment' entered on that claim." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978). In this case, the Supreme Court's decision in *Windsor* ended the litigation on the merits as to Plaintiffs Barton and Phillips' claims of unconstitutionality against Section 3. The primary relief sought by Plaintiffs was a declaration that Section 3 violated Plaintiffs Barton and Phillips' rights under the U.S. Constitution's provisions granting Equal Protection and substantive Due Process Rights. In *Windsor*, the Court plainly held the injury imposed by DOMA violated basic due process and equal protection principles. While Plaintiffs also challenged Section 2, the claims are not interrelated in that the invalidity of Section 3 does not depend on Section 2 being stricken. Indeed, Section 3 was declared invalid in *Windsor* without Section 2's constitutionality being addressed.

5

Furthermore, there is no just reason for delay. As to the determination that there is no just reason for delay, the district court should weigh Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying the entry of final judgment. *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005). In making that determination, the court may consider any factor relevant to a particular case. 10 C. Wright, A. Miller, and M. Kane, *Federal Practice and Procedure* § 2659 (3d ed. 1999). Factors a court may consider include whether the nature of the claims already determined are such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals and whether the claims are separable from the others remaining to be adjudicated. *Stockman's Water*, 425 F.3d at 1265; *Curtiss-Wright Corp.*, 446 U.S. at 8.

In this case, there is no risk of piecemeal appeals. As stated above, the *Windsor* decision was restricted to addressing the constitutionality of Section 3; thus, there is no danger that the Tenth Circuit Court of Appeals will have to address Section 3's constitutionality twice. Accordingly, there is no risk of piecemeal appeals and the remaining issues are separable for appeal purposes. Rendering judgment as final with respect to Plaintiffs' Section 3 claims promotes considerations of efficiency and justice.

## CONCLUSION

Pursuant to Fed. R. Civ. P. 54(b), the Court should enter a final judgment against Defendant the United States of America, *ex rel.* Eric H. Holder, Jr., as to Plaintiffs Susan Barton and Gay Phillips' challenge to Section 3 of the Defense of Marriage Act (DOMA), codified at 1 U.S.C. § 7.

Respectfully submitted,

*s/Don G. Holladay*
Don G. Holladay, OBA No. 4294
James E. Warner III, OBA No. 19593
HOLLADAY & CHILTON PLLC
204 North Robinson, Suite 1550
Oklahoma City, Oklahoma  73102
Telephone:   (405) 236-2343
Facsimile:    (405) 236-2349
*dholladay@holladaychilton.com*
*jwarner@holladaychilton.com*

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on July 26, 2013, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the current parties of record.

*s/Don G. Holladay*

7