UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

_____
                                                           )
MARY BISHOP, et al.,                           )
                                                           )
        Plaintiffs,                              )
                                                           )
        v.                                              )   No. 4:04-cv-00848-TCK-TLW
                                                           )
UNITED STATES OF AMERICA, et al.,     )
                                                           )
        Defendants,                            )
                                                           )
BIPARTISAN LEGAL ADVISORY          )
GROUP OF THE U.S. HOUSE              )
OF REPRESENTATIVES,                     )
                                                           )
        Intervenor-Defendant.              )
_____)

**UNOPPOSED MOTION OF THE BIPARTISAN LEGAL
ADVISORY GROUP OF THE U.S. HOUSE OF REPRESENTATIVES
TO WITHDRAW AS INTERVENOR-DEFENDANT**

Pursuant to the Federal Rules of Civil Procedure, and for the reasons set forth below, the Bipartisan Legal Advisory Group of the U.S. House of Representatives ("House") respectfully moves to withdraw as Intervenor-Defendant.

On August 1 and 2, 2013, counsel for the House conferred with Don G. Holladay, counsel for plaintiffs; Scott Simpson of the U.S. Department of Justice, counsel for the Executive Branch defendants; and Byron J. Babione, counsel for defendant Sally Howe Smith, all of whom advised that their clients do not object to the relief sought by this motion.

A proposed order is submitted herewith, and oral argument is not requested.

**MEMORANDUM IN SUPPORT**

The House sought, and was granted, leave to intervene in this case for the purpose of

defending the constitutionality of Section 3 of the Defense of Marriage Act ("DOMA"), Pub. L. No. 104-199, 110 Stat. 2419 (1996), codified at 1 U.S.C. § 7, and "litigating related jurisdictional issues, if any." Mot. of the [House] to Intervene at 1 (July 21, 2011) (ECF No. 178); Order [Granting Mot. to Intervene] (Aug. 5, 2011) (ECF No. 181).

The Supreme Court recently held that DOMA Section 3 is unconstitutional. *See United States v. Windsor*, 570 U.S. __ (2013), 2013 WL 3196928 (June 26, 2013). The *Windsor* decision necessarily resolves the issue of DOMA Section 3's constitutionality in this case, should the Court determine that it is appropriate to reach that issue in this case.[1]

As a result of the *Windsor* decision, the House's justification for participating in this case as an intervenor-defendant has disappeared, and the House has determined that it no longer has a

---

[1] We say "if the Court determines that it is appropriate to reach that issue" because there are significant Article III and statutory jurisdictional obstacles standing in the way of the Court's entry of judgment for plaintiffs Barton and Phillips on their DOMA Section 3 claim. *See* Consolidated Brief in Support of Intervenor-Defendant's Cross-Motion for Summary Judgment, and Opposition to Plaintiffs' Motion for Summary Judgment at 16-25 (Oct. 19, 2011) (ECF No. 215) (describing why plaintiffs Barton and Phillips lack standing, and arguing that Congress affirmatively has barred federal court jurisdiction with respect to tax claims such as that presented by plaintiffs Barton and Phillips in this case). It is, after all, axiomatic that "'[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex Parte McCardle*, 7 Wall. 506, 514 (1868)). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Id*. at 94-95 (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Furthermore "[p]arties cannot confer on a federal court jurisdiction which has not been granted by the Constitution and Congress, and parties cannot waive lack of subject matter jurisdiction." *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994). Accordingly, therefore, even in the absence of the House as a defendant here, the Court is obligated to satisfy itself that it has Article III and statutory jurisdiction. *See, e.g*., *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[T]he rule . . . is inflexible and without exception, which requires [a] court, of its own motion, to deny its jurisdiction . . . in all cases where such jurisdiction does not affirmatively appear in the record.").

role to play in this litigation. Accordingly, the House seeks to withdraw as a party defendant.

                        Respectfully submitted,

                        */s/ Kerry W. Kircher*
                        Kerry W. Kircher, General Counsel
                        William Pittard, Deputy General Counsel
                        Christine Davenport, Senior Assistant Counsel
                        Todd B. Tatelman, Assistant Counsel
                        Mary Beth Walker, Assistant Counsel
                        Eleni M. Roumel, Assistant Counsel

                        OFFICE OF GENERAL COUNSEL
                        U.S. HOUSE OF REPRESENTATIVES
                        219 Cannon House Office Building
                        Washington, D.C. 20515
                        (202) 225-9700 (telephone)
                        (202) 226-1360 (facsimile)
                        Kerry.Kircher@mail.house.gov

                        *Counsel for Intervenor-Defendant the*
                        *Bipartisan Legal Advisory Group of the U.S.*
                        *House of Representatives*

August 2, 2013

## CERTIFICATE OF SERVICE

      I certify that on August 2, 2013, I electronically filed the foregoing Unopposed Motion of the Bipartisan Legal Advisory Group of the U.S. House of Representatives to Withdraw as Intervenor-Defendant with the Clerk of the Court for the U.S. District Court for the Northern District of Oklahoma using the CM/ECF system. I further certify that all parties in this case are registered CM/ECF users and will be served by the CM/ECF system.

                                                     */s/ Kerry W. Kircher*
                                                     Kerry W. Kircher