IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARY BISHOP and SHARON BALDWIN, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| UNITED STATES OF AMERICA, et al., | ) ) ) |
| Defendants. | ) ) |

No. 4:04-cv-00848-TCK-TLW

**RESPONSE BY UNITED STATES OF AMERICA AND ERIC H. HOLDER, JR., ATTORNEY GENERAL, TO PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT ON SECTION 3 OF THE DEFENSE OF MARRIAGE ACT**

INTRODUCTION

The plaintiffs in this case seek a declaratory judgment that Section 3 of the Defense of Marriage Act ("DOMA") violates their equal protection and due process rights (Doc. 122 at 10). They now request a partial, final judgment setting forth such a declaration, under Rule 54(b) of the Federal Rules of Civil Procedure, based on the Supreme Court's recent holding in *United States v. Windsor*, 133 S. Ct. 2675 (2013) (Doc. 257). Precisely because of *Windsor* and its implementation, however, plaintiffs' motion for partial judgment should be denied as moot. The *Windsor* decision itself constitutes the declaration that plaintiffs seek against Section 3 of DOMA, and a judgment from this Court declaring the unconstitutionality of that provision would have no legal effect. Further, in light of the federal government's implementation of *Windsor*, plaintiffs will no longer suffer the injuries they have alleged herein based on Section 3 of DOMA. Thus, rather than entering the declaratory judgment sought, this Court should dismiss as moot the plaintiffs' claim against Section 3.

ARGUMENT

The power of federal courts extends only to live "Cases" and "Controversies." *See* U.S. Const. art. III, § 2; *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996)

("[T]he existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction."). A live controversy must exist at all stages of a case, "not simply at the date the action is initiated." *Fischbach v. N.M. Activities Ass'n*, 38 F.3d 1159, 1160 (10th Cir. 1994) (internal quotation marks omitted). Thus, "[a] case, although live at the start, becomes moot when intervening acts destroy a party's legally cognizable interest in the outcome of adjudication." *Tandy v. City of Wichita*, 380 F.3d 1277, 1290 (10th Cir. 2004); *see Building & Constr. Dep't v. Rockwell Int'l Corp.*, 7 F.3d 1487, 1491 (10th Cir. 1993) ("Constitutional mootness doctrine is grounded in the Article III requirement that federal courts only decide actual, ongoing cases or controversies.") (internal quotation marks omitted).

A case or claim is moot if the court's adjudication would not "affect[] the behavior of the defendant toward the plaintiff." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109-10 (10th Cir. 2010) (internal quotation marks omitted). "The crucial question," in other words, is whether a judgment "will have some effect in the real world." *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000) (internal quotation marks omitted). These principles apply equally to all types of claims, including requests for declaratory judgment. *See Rio Grande Silvery Minnow*, 601 F.3d at 1109 ("Declaratory judgment actions must be sustainable under the same mootness criteria that apply to any other lawsuit."); *see also GF Gaming Corp. v. City of Black Hawk, Colo.*, 405 F.3d 876, 882 (10th Cir. 2005) (holding that claims for declaratory relief had become moot "because a declaratory judgment would no longer have any effect on defendants' behaviodser"). Further, a prayer for relief is moot if the act sought as relief has already occurred. *See Ransom v. Marrazzo*, 848 F.2d 398, 409 (3d Cir. 1988) ("The issuance of new regulations during the pendency of a lawsuit will moot the controversy where the prayer for relief is answered by the promulgation."); *Buckeye Community Hope Found. v. City of Cuyahoga Falls*, 970 F. Supp. 1289, 1297 (N.D. Ohio 1997).

The plaintiffs in this case seek a declaration that Section 3 of the Defense of Marriage Act, 1 U.S.C. § 7, "violate[s] the U.S. Constitution's Equal Protection and substantive Due Process Rights of Plaintiffs [Susan] Barton and [Gay] Phillips" (Doc. 122 at 10). They seek no other relief regarding Section 3. After this action commenced, however, the Supreme Court issued that declaration in *United States v. Windsor*, holding that Section 3 "violates basic due process and equal protection principles applicable to the Federal Government." *See* 133 S. Ct. 2675, 2693 (2013). That holding is now the law of the land.

Accordingly, this Court can no longer enter any relief regarding Section 3 that would have any legal effect. The declaratory judgment that plaintiffs seek against Section 3 would not "affect[] the behavior of the [United States] toward the plaintiff[s]," or have any "effect in the real world." *See Rio Grande Silvery Minnow*, 601 F.3d at 1109-10; *Citizens for Responsible Gov't State Political Action Comm.*, 236 F.3d at 1182.

Furthermore, plaintiffs will no longer suffer the injuries caused by Section 3 of DOMA on which they relied to establish their standing to challenge that provision. In response to this Court's order requiring them to submit "supplemental evidence in support of standing to challenge Section 3" (Doc. 167 at 3), plaintiffs asserted (1) that they would have paid less in federal income taxes if they could have filed as "married filing jointly," and (2) that, upon the death of either plaintiff, the other would receive a "surviving spouse" benefit under the Social Security Act if their marriage were recognized under federal law (Doc. 168). Both the Internal Revenue Service and the Social Security Administration, however, are working to implement the Supreme Court's decision in *Windsor*, such that same-sex married couples will receive benefits previously unavailable because of Section 3, if they are otherwise eligible. *See* IRS Statement on the Supreme Court Decision on the Defense of Marriage Act, *available at* http:// www.irs.gov/ uac/ Newsroom/ IRS-Statement-on-the-Supreme-Court-Decision-on-the-Defense-of-Marriage-

Act;[1] [SSA Statement on] Supreme Court decision about Defense of Marriage Act, *available at* http:// ssa-custhelp.ssa.gov/ app/ answers/ detail/ a_id/2488; [SSA] POMS Recent Change, Windsor Same-Sex Marriage Claims, *available at* https:// secure.ssa.gov/ apps10/ public/ reference.nsf/ links/ 08092013111040AM.

## CONCLUSION

Accordingly, plaintiffs' motion for a partial final judgment regarding Section 3 of DOMA should be denied as moot, and plaintiffs' claim against Section 3 should be dismissed on the same basis.

Dated this 16th day of August, 2013.

    Respectfully submitted,

    STUART F. DELERY
    Assistant Attorney General

    DANNY C. WILLIAMS, SR.
    United States Attorney

    ARTHUR R. GOLDBERG
    Assistant Director

    s/ W. Scott Simpson
    _____
    W. SCOTT SIMPSON
    Senior Trial Counsel

    Attorneys, Department of Justice
    Civil Division, Room 7210
    Post Office Box 883
    Washington, D.C. 20044
    Telephone:  (202) 514-3495
    Facsimile:   (202) 616-8470
    E-mail:        scott.simpson@usdoj.gov

    COUNSEL FOR DEFENDANTS
    UNITED STATES OF AMERICA
    AND ERIC H. HOLDER, JR.,
    ATTORNEY GENERAL

---

[1] Indeed, *United States v. Windsor* was itself a tax case, directed at the IRS. *See* 26 U.S.C. § 7422(f)(1) (action for refund may be maintained only against the United States).

## CERTIFICATE OF SERVICE

      I hereby certify that on August 16, 2013, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

      Byron J. Babione
      Phillip Craig Bailey
      James A. Campbell
      Holly L. Carmichael
      Laura Lea Eakens
      Don G. Holladay
      Kerry W. Kircher
      Martha Ruth Kulmacz
      John David Luton
      Austin R. Nimocks
      Brently C. Olsson
      Brian W. Raum
      Sandra D. Rinehart
      Dale Michael Schowengerdt
      Kevin Hayden Theriot
      Roy Duane Tucker
      James E. Warner

                                                         s/ W. Scott Simpson
                                                         _____
                                                          W. SCOTT SIMPSON