IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARY BISHOP,<br>SHARON BALDWIN,<br>SUSAN G. BARTON, and<br>GAY E. PHILLIPS,<br><br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, *ex rel.*, ERIC H. HOLDER, JR., in his official capacity as Attorney General of the United States of America; and SALLY HOWE-SMITH, in her official capacity as Court Clerk for Tulsa County, State of Oklahoma,<br><br>        Defendants. | No. 04-CV-848-TCK-TLW |

## NOTICE OF PENDENCY OF DISPOSITIVE MOTIONS AND CROSS-MOTIONS FOR SUMMARY JUDGMENT

Plaintiffs, by and through their counsel of record, respectfully submit the following notice of pendency of action to the Court:

1. On December 9, 2011, final briefs were submitted in support of the parties' motions and cross-motions for summary judgment pertaining to all claims herein.

2. On March 30, 2012, this Court suspended all deadlines under the Scheduling Order entered September 2, 2011 (docket no. 240). Plaintiffs advised the Court they did not consent to an open-ended suspension of the pretrial dates, but did not object to the extension of each deadline, if necessary, by thirty (30) days during the Court's consideration of the pending cross-motions for summary judgment (docket no.

239).

3. On December 7, 2012, the petition for certiorari was granted by the United States Supreme Court in *United States v. Windsor*, No. 12-307.

4. On June 26, 2013, the Supreme Court announced its decision in *Windsor*, striking down Section 3 of DOMA as unconstitutional.

5. Pursuant to this Court's Order of July 29, 2013 (docket no. 261), supplemental briefing addressing the effects of *Windsor* on the parties' motions and cross-motions[1] were prepared and submitted for consideration.

6. This case has been under advisement since, or alternatively, treated as stayed by way of the Court's Order of September 2, 2011 (docket no. 240).

7. This action is one of several cases in state and federal courts across the country addressing same-sex marriage in the aftermath and wake of the *Windsor* decision. The Supreme Court's opinion can reasonably be interpreted as signaling state marriage bans will need future resolution by the Court.

8. The issues presented in Plaintiffs' Motion for Summary Judgment addressed claims of ongoing unequal protection and treatment, and seek the Court to vindicate constitutionally protected rights. Under such circumstances, resolution of these claims should not be postponed indefinitely. Indeed, in *Garden State Equality v. Dow*, wherein the New Jersey Supreme Court recently permitted same sex marriages to take place, the court stated:

---

[1] The Bipartisan Legal Advisory Group was dismissed as a party intervenor on July 29, 2013 (docket no. 260).

2

> [W]hen a party presents a clear case of ongoing unequal treatment, and asks the court to vindicate constitutionally protected rights, a court may not sidestep its obligation to rule for an indefinite amount of time. Under those circumstances, courts do not have the option to defer.

*Garden State Equality v. Dow*, ___ A.3d ___, 2013 WL 5687193 at *7 (N.J. Oct. 18, 2013).

          Respectfully submitted,

          *s/Don G. Holladay*
          Don G. Holladay, OBA No. 4294
          James E. Warner III, OBA No. 19593
          HOLLADAY & CHILTON PLLC
          204 North Robinson, Suite 1550
          Oklahoma City, Oklahoma 73102
          Telephone:  (405) 236-2343
          Facsimile:  (405) 236-2349

          ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on October 29, 2013, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the current parties of record.

          *s/Don G. Holladay*