IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARY BISHOP,<br>SHARON BALDWIN,<br>SUSAN G. BARTON, and<br>GAY E. PHILLIPS,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, *ex rel.*, ERIC H. HOLDER, JR., in his official capacity as Attorney General of the United States of America; and SALLY HOWE-SMITH, in her official capacity as Court Clerk for Tulsa County, State of Oklahoma,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-CV-848-TCK-TLW |

**NOTICE OF SUPPLEMENTAL POST-*WINDSOR* AUTHORITY ADDRESSING CLAIMS VIRTUALLY IDENTICAL TO THOSE RAISED BY PLAINTIFFS HEREIN AND THAT SUCH AUTHORITY PROVIDES STRONG IMPETUS FOR TIMELY DISPOSITION OF THE PRESENT CASE**

On December 20, 2013, the United States District Court for the District of Utah rendered a decision in *Kitchen v. Herbert*, No. 2:13–cv–217, 2013 WL 6697874 (D. Utah Dec. 20, 2013) holding that Utah's voter-approved state constitutional ban on same-sex marriage violated the United States Constitution. *Kitchen* closely parallels the instant lawsuit, both factually and as to the claims and arguments presented in the present case. Like the present case, the *Kitchen* lawsuit involved:

- Plaintiffs who both had been married legally and wanted the state to recognize such same-sex marriage; and a same-sex couple who desired to be married, but was prohibited under a state constitutional ban (*Id.* at *1);

- A provision placed in the Utah constitution declaring void all same-sex marriages and providing a ban on the recognition of such marriages (*Kitchen*, 2013 WL 6697874, at *4);

- A so-called same-sex marriage ban being placed in the state constitution as a result of popular vote in 2004 (*Id.* at *5);

- Contentions by both sides that the Supreme Court's decision in *United States v. Windsor*, __ U.S. __, 133 S.Ct. 2675, 2696 (2013) required judgment in their favor (*Id.* at *6);

- Arguments as to whether the Supreme Court's decision in *Baker v. Nelson*, 409 U.S. 810 (1972) was controlling (*Id.* at **7-9);

- Arguments as to whether the state's constitutional ban on same-sex marriage and same-sex marriage recognition violated plaintiffs' due process rights (*Id.* at **9-18); and

- Arguments as to whether the state's constitutional ban violated plaintiffs' equal protection rights under the United States Constitution. (*Id.* at **19-28).

The district court considered motions and cross-motions for summary judgment, supported by accompanying affidavits. A fair reading of the court's opinion demonstrates that virtually the same arguments and authorities presented by the parties there has been done in the instant litigation. The district court succinctly stated "[t]he Constitution … protects the choice of one's partner for all citizens, regardless of their sexual identity." *Id.* at 29. Its order is the second federal decision to nullify a ban imposed by voters at the ballot box over eight years ago; Utah has become the eighteenth state during the pendency of Plaintiffs' lawsuit to recognize same-sex marriage and it is the seventh state where equal marriage rights were established by a court's ruling.

The *Kitchen* defendants have announced their intent to file an appeal with the United States Court of Appeals for the Tenth Circuit, who has not yet addressed the

2

critical issue presented in this case and *Kitchen*. As the district court in *Kitchen* noted, "[t]he question presented here depends instead on the Constitution itself, and on the interpretation of that document contained in binding precedent from the Supreme Court and the Tenth Circuit Court of Appeals." *Kitchen v. Herbert*, No. 2:13–cv–217, 2013 WL 6697874 at *1 (D. Utah Dec. 20, 2013).

Plaintiffs in the present case, whose claims have been pending substantially longer than those of the *Kitchen* plaintiffs, strongly desire the opportunity to be heard on the important issues that will be addressed before the Tenth Circuit, since the appellate decision rendered will undoubtedly govern the disposition and/or enforcement of their rights. Plaintiffs Mary Bishop and Sharon Baldwin have now waited over nine years to enter into a marriage after they were denied a marriage certificate by the Tulsa County Court Clerk. For that same nine years, Plaintiffs Gay Phillips and Sue Barton have waited to have their marriage recognized by the State of Oklahoma. Plaintiffs respectfully submit that fundamental fairness and the efficient administration of justice require them to have their day in court and be allowed to participate in the judicial resolution of their constitutional rights. Such resolution will eventually occur at the Tenth Circuit Court of Appeals or, ultimately, in the United States Supreme Court. That participation can only occur by the expeditious resolution of the pending motions that all parties in this case have agreed should resolve all claims at issue.

Respectfully submitted,

*s/Don G. Holladay*
Don G. Holladay, OBA No. 4294
James E. Warner III, OBA No. 19593
HOLLADAY & CHILTON PLLC
204 North Robinson, Suite 1550
Oklahoma City, Oklahoma  73102
Telephone:   (405) 236-2343
Facsimile:    (405) 236-2349

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on December 22, 2013, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the current parties of record.

*s/Don G. Holladay*