IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

Case No.: 04-CV-848-TCK-TLW

---

**MARY BISHOP** and **SHARON BALDWIN**, *et al.*,

*Plaintiffs*,

v.

**THE UNITED STATES OF AMERICA**, *et al.*,

*Defendants*,

and

**BIPARTISAN LEGAL ADVISORY GROUP
OF THE U.S. HOUSE OF REPRESENTATIVES**,

*Intervenor-Defendant*.

---

# DEFENDANT SALLY HOWE SMITH'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY (*KITCHEN V. HERBERT*)

---

Byron J. Babione
David Austin R. Nimocks
James A. Campbell
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
Tel:   (480) 444-0020
Fax:   (480) 444-0028
Email: bbabione@telladf.org

John David Luton
Assistant District Attorney
DISTRICT ATTORNEY'S
OFFICE (TULSA)
500 South Denver Ave.
Suite 900
Tulsa, OK 74103-3832
Tel:   (918) 596-4814
Fax:   (918) 596-4804
Email: jluton@tulsacounty.org

Plaintiffs have notified this Court of a recent district court decision, *Kitchen v. Herbert*, No. 2:13-cv-217, 2013 WL 6697874 (D. Utah Dec. 20, 2013), addressing the constitutionality of Utah's marriage laws. The *Kitchen* district court espoused its belief that Utah's decision to retain marriage as the union of one man and one woman violates the Fourteenth Amendment of the United States Constitution. But that erroneous conclusion has no bearing here.

To begin with, the *Kitchen* district court decision "is not binding precedent"; it is not binding "in . . . a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 131 S. Ct. 2020, 2033 n.7 (2011) (quotation marks and citation omitted); *see also Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 430 n.10 (1996) (stating that every federal district court judge "sits alone and renders decisions not binding on the others"). Thus, neither *Kitchen*'s judgment nor its analysis controls this Court's evaluation of Plaintiffs' challenge to Oklahoma's marriage laws.

Notably, the Supreme Court recently signaled its disagreement with the *Kitchen* district court's conclusion that Utah's marriage laws are unconstitutional. The defendants in *Kitchen* asked the Supreme Court to stay the district court's injunction that prohibits the State from enforcing its laws defining marriage as the union of one man and one woman. *See* Application To Stay Judgment Pending Appeal, *Herbert v. Kitchen*, No. 13A687 (U.S. Dec. 31, 2013). The Supreme Court or a Circuit Justice "rarely grant[]" a "stay application," but they will do so if they "predict" that a majority of "the Court would . . . set the [district court] order aside." *San Diegans for Mt. Soledad Nat'l War Mem'l v. Paulson*, 548 U.S. 1301, 1302-03 (2006) (Kennedy, J., in chambers). On January 6, 2014, after Justice Sotomayor referred the stay application to all the Justices, the Court stayed the *Kitchen* district court's injunction, thereby signaling the Court's

1

belief that it will ultimately set that order aside. *See* Order, *Herbert v. Kitchen*, No. 13A687 (U.S. Jan. 6, 2014).

Furthermore, the *Kitchen* district court's analysis is not persuasive and thus should be disregarded by this Court. For example, *Kitchen* relied on the Supreme Court's decision in *United States v. Windsor*, 133 S. Ct. 2675 (2013), to conclude that Utah's decision to preserve marriage as the union of a man and a woman is unconstitutional. *See Kitchen*, 2013 WL 6697874, at *6-7. But as Defendant Howe Smith has extensively explained, "*Windsor* does not forbid States . . . from preserving marriage as the union of one man and one woman"; on the contrary, *Windsor*'s "repeated references to state sovereignty over the definition of marriage bolster the defense of Oklahoma's Marriage Amendment." Howe Smith's Supplemental Brief Addressing Effect of *United States v. Windsor* Upon Pending Motions and Cross-Motions for Summary Judgment at 1 (ECF No. 267). Moreover, *Kitchen* staggeringly opined that the United States Constitution includes a fundamental right to marry a person of the same sex. *See Kitchen*, 2013 WL 6697874, at *18. Yet Defendant Howe Smith has already established that the Fourteenth Amendment's Due Process Clause does not protect any asserted right to marry a person of the same sex. *See* Howe Smith's Cross-Motion for Summary Judgment and Brief in Support with Consolidated Opposition to Plaintiffs' Motion for Summary Judgment at 15-19 (ECF No. 216). Thus, *Kitchen*'s legal analysis is unsound, and this Court should not emulate it.

Finally, although Defendant Howe Smith strenuously objects to Plaintiffs' contention that this Court should follow *Kitchen*'s analysis or reach its ultimate constitutional conclusion, she does not object to Plaintiffs' request for "the expeditious resolution of the pending motions" for summary judgment. *See* Plaintiffs' Notice of Supplemental Post-*Windsor* Authority Addressing Claims Virtually Identical to Those Raised by Plaintiffs at 3 (ECF No. 270). Defendant Howe

Smith has a sworn duty to uphold Oklahoma's Marriage Amendment, and by granting her motion for summary judgment, this Court will affirm her duty to do just that.

Dated: January 7, 2014

                                          Respectfully Submitted,

                                          s/ *Byron J. Babione*

                                          Byron J. Babione
                                          David Austin R. Nimocks
                                          James A. Campbell
                                          ALLIANCE DEFENDING FREEDOM
                                          15100 N. 90th Street
                                          Scottsdale, AZ 85260
                                          Tel:   (480) 444-0020
                                          Fax:   (480) 444-0028
                                          Email: bbabione@telladf.org

                                          John David Luton
                                          Assistant District Attorney
                                          DISTRICT ATTORNEY'S
                                          OFFICE (TULSA)
                                          500 South Denver Ave.
                                          Suite 900
                                          Tulsa, OK 74103-3832
                                          Tel:   (918) 596-4814
                                          Fax:   (918) 596-4804
                                          Email: jluton@tulsacounty.org

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2014, I electronically transmitted Defendant Sally Howe Smith's Response to Plaintiffs' Notice of Supplemental Authority (*Kitchen v. Herbert*) to the Clerk of the Court using the ECF system for filing. I further certify that all parties in this case are registered CM/ECF users and will be served by the CM/ECF system.

s/ *Byron J. Babione*
Byron J. Babione
