**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MARY BISHOP,<br>SHARON BALDWIN,<br>SUSAN BARTON, and<br>GAY PHILLIPS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>ex rel. ERIC H. HOLDER, JR., in his<br>official capacity as Attorney General<br>of the United States of America; and<br>SALLY HOWE SMITH, in her official<br>capacity as Court Clerk for Tulsa County,<br>State of Oklahoma,<br><br>Defendants,<br><br>BIPARTISAN LEGAL ADVISORY<br>GROUP OF THE U.S. HOUSE OF<br>REPRESENTATIVES,<br><br>Intervenor-Defendant.** | ) | **No. 04-CV-848-TCK-TLW** |

**ORDER**

On July 18, 2014, the Tenth Circuit Court of Appeals affirmed this Court's holding that article 2, section 35(A) of the Oklahoma Constitution violates the United States Constitution and may not be enforced to deprive same-sex couples of an Oklahoma marriage license. *Bishop v. Smith*, 760 F.3d 1070, 1096 (10th Cir. 2014). The Tenth Circuit Court of Appeals stayed its mandate pending the disposition of any petition for writ of certiorari filed with the United States

Supreme Court. *Id.* On October 6, 2014, the United States Supreme Court denied the petition, and the Tenth Circuit lifted the stay of its mandate.[1]

The stay entered by this Court on January 14, 2014 (Doc. 272) is hereby lifted. Defendant Sally Howe Smith, acting in her official capacity as the Court Clerk for Tulsa County, Oklahoma, is permanently enjoined from enforcing article 2, section 35(A) of the Oklahoma Constitution to deny Plaintiffs Mary Bishop and Sharon Baldwin, or any other same-sex couple, of an Oklahoma marriage license solely based on their status as a same-sex couple.[2]

**SO ORDERED this 6th day of October, 2014.**

Terence Kern

**TERENCE KERN**
**United States District Judge**

---

[1] Immediately following the Supreme Court's denial of the petition, the Tenth Circuit issued an order lifting the stay and indicating that "the mandate shall issue forthwith." (Doc. 291.) In the interim, the Tenth Circuit directed that a copy of the order lifting the stay "shall stand as the mandate." (*Id.*)

[2] The Tenth Circuit held that any "statutory prohibitions [of same-sex marriage] are subsumed in the challenged constitutional provision." *See Bishop*, 760 F.3d at 1074. Therefore, Defendant Smith may not rely on any statutory prohibition to deny a same-sex couple a marriage license.